(No. 75-CV-17—

DOROTHY SERRITELLA, on behalf of RUSSEL P. SERRITELLA, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 31, 1975.*

DOROTHY SERRITELLA, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on October 31, 1973, at 29th Avenue and St. Charles Road, Bellwood, Cook County, Illinois. Dorothy Serritella, mother of the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act", *Ill. Rev. Stat., 1973, Ch. 70 Sec. 71, et seq.* (hereafter referred to as *"the Act"*).

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant's deceased son, Russell P. Serritella, age 25, was a victim of a violent crime, as defined in Sec. 2(c) of the Act, to wit: "Murder", (*Ill. Rev.* "Murder", (*Ill. Rev. Stat., 1973, Ch. 38, Sec. 9-1*).

2. That on April 4, 1974, claimant's son was shot by unknown assailants after leaving Mock Fun Casino at Mannheim Road and North Avenue, in Stone Park. Prior to the shooting, Russell P. Serritella had been driving home after an evening of drinking at several taverns.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the decedent for the attack upon him.

4. That the victim died on October 31, 1974, as a result of the wound he received in the shooting of October 31, 1974. A further and more detailed summary of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the assailants have not been identified.

6. That there is no evidence that the victim and his assailants were related or sharing the same household.

7. That the criminal offense was promptly reported

to law enforcement officials, and claimant has fully co-operated with their requests for assistance.

8. That the victim at the time of his death was unemployed and not contributing to the support of the claimant.

9. That the claimant incurred medical, hospital and funeral expenses for the victim which were partially covered by insurance benefits, and the gross amount of the pecuniary loss as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1) | Hospital ...................................... | $ 129.00 |
| 2) | Funeral and Burial ............................ | $2,893.80 |
| | | $3,022.80 |

10. That, in determining the amount of compensation to which an applicant is entitled, Sec. 7 (d) of the Act states that this court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the Workman's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)".

11. That, in the claim before us, the benefits received by the claimant, as contemplated by Sec. 7 (d) of the Act, were shown to be in the total sum of $400. This amount, plus the statutory deduction of $200 having been deducted from the gross amount of loss shown in Par. 9, leaves an amount of $2,422.80 as the actual compensable loss sustained by the claimant. Hence, the claimant is entitled to an award payable under the Act of $2,422.80.

It Is HEREBY ORDERED that the total sum of $2,422.80 be awarded to the claimant, Dorothy Serritella, as a relative who assumed the funeral expenses for

Russell P. Serritella, the deceased victim of a violent crime.

IT IS FURTHER ORDERED that the sum of $999.99 (NINE HUNDRED NINETY NINE DOLLARS AND NINETY NINE CENTS) be paid immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $1,422.81 be referred forthwith to the General Assembly for its approval.